**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,                                      Criminal No. 13-231 JNE/JJK

                            Plaintiff,

v.                                                                    **REPORT AND RECOMMENDATION**

(1)    Tram Vo,
(2)    Khoi Van, and

                            Defendants.


            Kevin S. Ueland, Esq., Assistant United States Attorney, for the
                plaintiff, United States of America;
            Manvir K. Atwal, Esq., Federal Defender's Office, for defendant Tram
                Vo; and
            Frederick K. Bruno, Esq., for defendant Khoi Van.


        This action came on for hearing before the Court, Magistrate Judge Jeffrey

J. Keyes, on February 21, 2014, at the U.S. Courthouse, 316 North Robert Street,

St. Paul, MN    55101.  The Court issued an Order on Motions, filed February 21,

2014, therein reserving defendant Khoi Van's motion for severance for

submission to the district court on report and recommendation.

        Based upon the file and documents contained therein, along with the

memorandums and arguments of counsel, the magistrate judge makes the

following:

**FINDINGS AND CONCLUSIONS**

Defendant Khoi Van has filed a motion for severance requesting that he receive a separate trial from his co-defendant.  (Doc. No. 51.)  In his motion Khoi Van asserts generally that:  (1) the majority of the evidence against the defendants in this matter does not involve him and would therefore be prejudicial to his defense; and (2) there is a conflict of interest between the co-defendants.[1]

The government opposes the motion, noting a strong preference for joint trials for co-conspirators and the defendant's failure to make any particularized showing of prejudice.  The Government further contends that jury instructions can cure any potential confusion that might arise with respect to the charges against each defendant and the application of evidence to particular charges.

Two or more defendants may be charged in the same indictment if they are alleged to have participated in the same transaction or series of incidents constituting an offense or offenses.  Fed. R. Crim. P. 8(b).  "There is a preference in the federal system for joint trials of defendants who are indicted together . . . [because] they promote efficiency and serve the interests of justice by avoiding the scandal and inequality of inconsistent verdicts."  *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (internal quotation marks and citations omitted).  Persons charged with conspiracy should generally be tried together, and it will rarely be

---

[1] Defendant Khoi Van alternatively moved to join the co-defendant's motions.  However, co-defendant Tram Vo did not make any motions that were not made by Khoi Van, and the alternative request is therefore moot.

improper to join co-conspirators in a single trial.  *United States v. Kindle*, 925 F.2d

272, 277 (8th Cir. 1991); *United States v. Stephenson*, 924 F.2d 753, 761 (8th

Cir. 1991), *cert. denied*, 502 U.S. 813 (1991).

Here, Defendants Tram Vo and Khoi Van have been indicted for

conspiracy to commit wire fraud.  (Doc. No. 6.)  Also, both of them have been

individually charged on multiple counts of wire fraud.  Under these circumstances,

the general rule in the federal system is that the co-conspirators should be tried

together.  *See* Fed. R. Crim. P. 8(b).

The defendants in this case were properly joined under Rule 8 and there is

no requirement for severance based upon misjoinder.  Rule 14 severance is a

remedy for prejudice that may develop during trial, and the decision on a Rule 14

motion for severance lies within the sound discretion of the trial court.  *United*

*States v. Robaina*, 39 F.3d 858, 861 (8th Cir. 1994).  The record in this matter

offers no compelling indication as to how either defendant is prejudiced by joinder

with the other defendant in this case, particularly to the extent necessary to

overcome the preference for joinder of defendants in conspiracy cases.

Specifically, it is not patently apparent that a jury would be unable to distinguish

and apply the evidence relating to one defendant from evidence relating to

another defendant, and there has not been a persuasive particularized showing

that a joined trial will prevent introduction of exculpatory evidence or will allow

introduction of otherwise inadmissible evidence with respect to any defendant.  A

defendant is not entitled to severance "simply because evidence may be admissible as to [a co-defendant] but not as to him." *United States v. Helmel*, 769 F.2d 1306, 1322 (8th Cir. 1985).  The values of justice and efficiency gained by joint trials cannot be overcome without a more exacting showing by Defendant Khoi Van.

The court further concludes that with the assistance of instructions from the trial court the jury will be fully able to distinguish the acts of each defendant from the acts of the other defendant so as to avoid prejudice to either of them. Severance is a remedy that can be provided at the time of trial if appropriate under the circumstances.  At present, there has been no showing to support a recommendation for severance of defendants.

Based upon the foregoing Findings and Conclusions, the Magistrate judge makes the following:

## RECOMMENDATION

It is hereby recommended that Defendant (2) Khoi Van's Motion for Severance be **denied** [Docket No. 51].


Dated:     February 24, 2014


s/Jeffrey J. Keyes
Jeffrey J. Keyes
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 10, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **seven days** after service thereof.  All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C.  § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.